■ In the Matter of FRANK J. CHIODO, Doing Business as BROWN JUG, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held in effect that certain musicians were not the employees of the alleged employer. The alleged employer operates a restaurant in the city of Syracuse, and furnished musical entertainment for his patrons. Such music is provided by orchestras engaged through booking agencies in the city of New York, and the services of the musicians involved here procured by a written contract on a form dictated by the American Federation of Musicians, commonly known as Form "B". On its face this agreement, signed by the respondent, purported to make him the employer. It provided, among other things: " That the employer employs the personal services of the employees, as musicians severally, and the employees severally, through their representative, agree to render collectively to the employer services as musicians * * * The employer shall at all times have complete control of the services which the employees will render under the specifications of this contract ". It is argued here by the Industrial Commissioner that this agreement made the musicians, who rendered services at respondent's premises, employees as a matter of law. The board however went behind the terms of this agreement, and determined factually on the basis of the testimony submitted, that the members of the orchestra who furnished the music for respondent were not his employees. We can see no fault in this procedure. The testimony in support of the determination complained of is overwhelming. Appellant's contentions therefore must rest, as a matter of law, upon the proposition that the taxing authority may not go behind a written agreement and ascertain in fact the true situation between the parties. We think this position is untenable. No written agreement between private parties may preclude an examination by the taxing authority into real facts of any given case for the purpose of determining the actual relationship of the parties (Matter of Morton, 284 N. Y. 167); or to put it in another way, private parties may not enter into an agreement that will preclude the taxing authority of the State from determining that the relationship denominated by a written agreement is in fact fictional. It may well be that the State, represented by its taxing authority, may accept such an agreement on its face if nothing else is presented; or it may balance such agreement against other evidence as may be presented and make its determination accordingly, but we know of no compelling reason by way of precedent or otherwise, which compels the taxing authority to accept such an agreement on its face as a matter of law. To hold otherwise would be to say in effect that a musician's union may control the decisions and the policies of the taxing authority of the State. Decision unanimously affirmed, with costs to the respondent. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.